STATE OF INDIANA *v*. TERRE HAUTE, INDIANAPOLIS AND
EASTERN TRACTION COMPANY.

[No. 24,990.    Filed June 28, 1929.    Rehearing denied October 23, 1929.]

*Arthur L. Gilliom,* Attorney-General, and *Connor D. Ross,* Assistant Attorney-General, for the State.

*W. H. Latta, Byram C. Roberts* and *D. E. Watson,* for appellee.

TRAVIS, J.—This is an action by the State of Indiana against appellee electric interurban railroad company to recover the cost of improving that portion of a highway occupied by its tracks, including the space between the rails, the space between the tracks, where there were two tracks, and the space 18 inches in width on the outside of the rails. Acts 1919, ch. 53, p. 119, §8268 *et seq.* Burns 1926. The highway is known as the

"National Road" and has been designated as "State Road No. 3." It extends across the central part of the state, through Terre Haute, Indianapolis, Richmond and other cities and towns. This highway had been designated as a state highway by the State Highway Commission, which official designation had been approved by the Governor. The specific part of the highway occupied by appellee's tracks began at the east corporate boundary of the city of Richmond and extended east on the highway a distance of 6,654 feet.

The State appealed from the judgment against it because it failed to plead after appellee's demurrer to appellant's complaint had been sustained. §368 Burns 1926. Appellant's complaint is in two paragraphs. The first paragraph alleges that the State has under its control, through the State Highway Commission, State Road No. 3, extending from the Illinois state line near Terre Haute, through Indianapolis, to the Ohio state line, east of Richmond; that the highway east of Richmond for 6,654 feet is occupied by appellee's tracks; that the commission, in April, 1923, undertook to pave the highway at that point, including that part occupied by the tracks; that appellee did not at any time elect to improve the part so occupied, but expressly refused to construct it; that the commission thereupon made the improvement, using the same materials and the same form of construction, at the same unit prices, as used and paid for the improvement outside the tracks, all of which is shown in the itemized bill of particulars attached to the complaint; that appellee failed and refused to pay for the improvement so made upon its tracks, which amount is due; that the commission filed a lien therefor in the recorder's office of Wayne County; that the principal sum, interest and attorney's fees amount to $11,000, for which the complaint asks judgment and the foreclosure of the lien, etc.

The second paragraph of complaint is like the first paragraph. Briefly stated, the paragraphs differ in this: The second paragraph sets out by exhibits the action of the highway commission in taking over State Road No. 3, and alleges that the defendant company not only failed to construct or to pay for the construction of that part of the highway occupied by its tracks, etc., but also, that it expressly refused to pay or to construct, and denied any liability therefor; that the highway was in a bad state of repair and was disintegrated; that it was impracticable to move the tracks from the traveled way and that it would have been impracticable not to improve the portion of the highway occupied by defendant's tracks, for the reason that the improvement required the raising of the road bed and tracks, which fact defendant knew and consented to; that, in so raising the tracks and road bed, the surface was further destroyed and broken up, and to leave the highway and road bed in that condition would have been impracticable, inconvenient, and a source of danger to the traveling public using the highway.

Appellee's separate demurrers to each paragraph of complaint are based upon insufficient facts alleged in either paragraph to constitute a cause of action. The question for decision depends upon the construction of §26 of the act, ch. 53, *supra*. All facts necessary to constitute a cause of action, as pleaded in each paragraph of the complaint, are admitted by appellee, except that, to plead a cause of action by each paragraph of complaint, it is necessary to allege: That appellee had, not less than 20 days prior to the date on which the contract for the improvement of such highway was let, filed written notice with the State Highway Commission of its election to pay for the improvement of the portion of the highway occupied by its tracks as done by the highway commission; and to also allege: That, although

appellee had elected to pay for such improvement as done by said State Highway Commission, it has failed and refused to pay therefor.

Appellee's proposition is that both the first and second paragraphs of complaint are based upon the theory that §26 of ch. 53 of the acts of 1919, *supra*, gave appellant the right, by the facts pleaded, to have and enforce a lien against the property of appellee company by reason of the improvement by appellant of that portion of the highway occupied by the tracks of appellee company, and for a distance of 18 inches on either side thereof, and observes that the first portion of §26 creates the obligation upon all electric interurban railroad companies whose tracks occupy any part of any highway which is ordered improved and maintained by the State Highway Commission, to improve and maintain, or to pay for the cost of improving, that portion thereof occupied by its tracks. Appellee obviates the obligation and liability cast upon it for the sole reason that it did not choose to elect, as provided by §26, *supra*, to pay for the improvement of the highway occupied by it, as done by the State Highway Commission, and concludes that the lien mentioned in §26, *supra*, can attach only in the event that such company (appellee) shall elect to pay for such improvement as done by the State Highway Commission.

Appellee concedes that the statute (§26, *supra*) casts the general obligation upon it to improve and maintain, or pay the cost of improving, that portion of the highway occupied by its tracks which has been ordered improved and maintained by the State Highway Commission; but contends that the general obligation depends upon the election provided by the law, viz., if such company shall elect to *improve*, it shall be done in the manner prescribed; if such company shall elect *to pay for the improvement as done by the State High-*

*way Commission,* the cost thereof may be collected as a lien against the property, and the lien intended in the statute can attach only in the event the company *shall elect to pay for such improvement as done by said State Highway Commission.* And because neither paragraph of the complaint alleges as a fact that the appellee company did, within the time specified by the law, file written notice with the State Highway Commission that it would elect to pay for the improvement as done by the commission, but, on the contrary, each paragraph of complaint alleged that appellee company did not at any time elect, etc., each paragraph of complaint fails to state a cause of action. The opinion of the court is in harmony with the assertion of appellee that the law casts a general obligation upon appellee to improve or pay for the improvement of the highway as ordered. The court goes further, and interprets the law to cast an absolute obligation upon appellee company to improve and maintain, or pay for the cost of improving, that portion of the highway occupied by its tracks, etc., when the improvement is ordered according to law. The election permitted appellee company by the statute is a matter of grace, for it to profit by building the improvement itself, according to its judgment, or to pay for the work, if it saw no advantage in performing the work. The law created a duty for appellee company to perform, which it could not obviate; it could not elect between a performance or a nonperformance of a duty imposed by law. And again, it is alleged that appellee company denied any liability whatever, either to build or to pay, from which it necessarily follows that it would not stoop to an election. This election is not such an act that might or could be enforced by judicial mandate, for the reason that the State would not be put in a position to lose by election or by failure to elect. The election is a privilege favorable to appellee company, and not to the State, and

it logically follows that appellee company might waive election to improve the highway, which waiver could be made impliedly or by conduct. Here the appellee company impliedly waived its right to elect to improve the highway by denying liability; it also waived the right to elect "to improve" by its conduct, by failing to take advantage of a right which inured to its sole advantage. It is not within the power of appellee company, when occupying appellant's public highway, to say what it will or will not do, in answer to a sovereign direction to do, in order to preserve appellant's highway for its principal use. Appellant, in enacting the law, acted through its police power, which is binding upon all citizens, including appellee company. *Grand Trunk, etc., R. Co.* v. *City of South Bend* (1909), 174 Ind. 203, 209, 89 N. E. 885, 91 N. E. 809, 36 L. R. A. (N. S.) 850.

Appellee's proposition, that it admits the legal obligation, but that the legal obligation may be thwarted by refusing to say how it will discharge the obligation is a *reductio ad absurdum*. But appellee could not waive the legal duty to pay if it failed to elect "to improve," hence it follows that it may not waive the election to pay by a declaration of nonliability. Its failure to elect to improve within the lawful period of time may not become a legal barrier to escape a legal liability, but such act in law in this case constitutes, by operation of law, an election to pay. We are not now concerned with the means by which payment of the alleged cost of the improvement may be enforced, because appellee's defense is solely on nonliability for the cost of the improvement. Appellee's proposition, that its failure and refusal to file a written election within the time limited, defeats the duty of appellee "to improve," or to pay if appellant improves, after appellee's denial of all liability, and failure to elect, is not well taken. Its demurrers should have been overruled. This case is

remanded, and the Wayne Circuit Court is ordered to overrule appellee's demurrers to each paragraph of the complaint.

Judgment reversed.